**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF FLORIDA**
**ORLANDO DIVISION**

**MATTHEW CARRUITERO,**

    **Plaintiff,**

**v.**                                           Case No: 6:20-cv-2266-Orl-28EJK

**MICHAEL SINTIM,**

    **Defendant.**

## ORDER

This case is before the Court sua sponte.

Federal courts are courts of limited jurisdiction and have not only "the power but also the obligation at any time to inquire into jurisdiction whenever the possibility that jurisdiction does not exist arises." Fitzgerald v. Seaboard Sys. R.R., 760 F.2d 1249, 1251 (11th Cir. 1985). This obligation exists even where no party has challenged subject-matter jurisdiction. In this case, the Court is in doubt as to its subject-matter jurisdiction.

Matthew Carruitero filed this case in state court in Orange County, Florida, and Defendant, Michael Sintim, removed it to this Court. (Notice of Removal, Doc. 1). Sintim, as the party invoking this Court's jurisdiction, bears the burden of establishing that subject-matter jurisdiction exists. Williams v. Best Buy Co., 269 F.3d 1316, 1319 (11th Cir. 2001).

In his Notice of Removal, Sintim relies on 28 U.S.C. § 1332(a) as a basis for this Court's subject-matter jurisdiction, asserting that the parties are of diverse citizenship and that the minimum amount in controversy is satisfied. But the allegations of the Notice of Removal do not establish that the $75,000 amount-in-controversy threshold of § 1332 is exceeded here. The Notice of Removal merely contains the vague statement that the

"amount in controversy . . . being sought in this action exceeds the jurisdictional minimum of this court." (Doc. 1 ¶ 4). Sintim provides no support for this assertion, which is not "a plausible allegation that the amount in controversy exceeds the jurisdictional threshold." Dart Cherokee Basin Operating Co. v. Owens, 574 U.S. 81, 89 (2014). "A conclusory allegation in the notice of removal that the jurisdictional amount is satisfied, without setting forth the underlying facts supporting such an assertion, is insufficient to meet the defendant's burden." Williams, 269 F.3d at 1319–20.

Moreover, the Complaint filed by Carruitero in the state court does not support a conclusion that in excess of $75,000 is in controversy. The Complaint alleges that Carruitero was injured in a motor vehicle accident due to the negligence of Sintim, and it seeks damages in excess of $30,000.00. (Doc. 1-1 at 2). The only descriptions of Carruitero's injuries are vague and boilerplate: "significant bodily injury, pain and suffering, disability, disfigurement, mental anguish, loss of capacity for the enjoyment of life, expense of hospitalization, medical and nursing care and treatment, loss of earnings, loss of the ability to earn money and aggravation of a previously existing condition." (Id. ¶ 9). And on the civil cover sheet filed in state court, Carruitero identified the value of his claim as "$50,001–$75,000." (Doc. 1-10 at 1). Although this cover sheet is not determinative, it does not lend any support to Sintim's bald assertion of the amount in controversy.

In sum, the Court cannot determine whether the requisite amount in controversy is satisfied here. The Court will give Sintim an opportunity to file an amended notice of removal and properly establish the amount in controversy. Accordingly, it is **ORDERED** that **no later than Wednesday, December 30, 2020**, Defendant, Michael Sintim, shall

provide the Court with sufficient information to determine whether it has subject-matter jurisdiction over this case.

**DONE** and **ORDERED** in Orlando, Florida, on December 15, 2020.

_____
JOHN ANTOON II
United States District Judge

Copies furnished to:
Counsel of Record
Unrepresented Parties